**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ALVARO ANIVAL HERNANDEZ-RECINOS,
Petitioner,

v.

No. 97-1573

U.S. IMMIGRATION &
NATURALIZATION SERVICE,
Respondent.

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A29-914-456)

Submitted: January 13, 1998

Decided: February 24, 1998

Before HALL, ERVIN, and MICHAEL, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

**COUNSEL**

Manuel Rivera, Jr., MANUEL RIVERA, ESQ. & ASSOCIATES,
Arlington, Virginia, for Petitioner. Frank W. Hunger, Assistant Attor-
ney General, Karen Fletcher Torstenson, Assistant Director, Office of
Immigration Litigation, Civil Division, UNITED STATES DEPART-
MENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Alvaro Anival Hernandez-Recinos petitions this court for review of a final order of the Board of Immigration Appeals ("Board"), denying his application for asylum and withholding of deportation. Because substantial evidence supports the Board's decision, we deny the petition.

Hernandez-Recinos, a native and citizen of Guatemala, served as an active member of the Guatemalan military for fifteen years. Following his tenure with the military, he volunteered during the next thirteen years as an active military commissioner. As a military commissioner, Hernandez-Recinos was authorized to carry weapons, and his duties included recruiting for the armed services, guarding government installations, and reporting suspected criminal activity within the neighborhood. During his last year as a volunteer commissioner, Hernandez-Recinos was arrested for murder and jailed for several months. He was later cleared of the charges and released. Hernandez-Recinos believed that those persons whom he had previously reported for suspected drug trafficking had falsely initiated the murder charges against him.

Sometime after his release, Hernandez-Recinos received two anonymous notes that threatened he would be harmed if he did not leave town. Although Hernandez-Recinos remained in Guatemala, he moved to a neighboring town where he lived with his father, returning to his hometown during the day to work and visit his family. Hernandez-Recinos later moved to Belize, where he lived and worked with friends and relatives. However, still in fear, Hernandez-Recinos fled to the United States, entering the country illegally. The Immigration and Naturalization Service initiated deportation proceedings. Hernandez-Recinos conceded deportability but sought asylum and withholding of deportation.

2

The Immigration and Nationality Act ("the Act")[1] authorizes the Attorney General, in her discretion, to confer asylum on any refugee, defined as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."[2] The "well-founded fear of persecution" standard contains both a subjective and an objective component. Presenting candid, credible, and sincere testimony, which demonstrates a genuine fear of persecution, satisfies the subjective element.[3] The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution.[4] Further, to qualify for withholding of deportation, a standard much more stringent than that for granting asylum, an applicant must demonstrate "a clear probability of persecution."[5]

We must uphold the Board's decision that Hernandez-Recinos is not eligible for asylum or withholding of deportation if that determination is supported by substantial evidence from the record as a whole.[6] The decision may be reversed only if a reasonable factfinder would have to conclude that the requisite fear of persecution existed.[7]

Hernandez-Recinos contends that the Board erred in finding that he had no well-founded fear of persecution. After a careful review of the record, we find that the evidence does not compel the conclusion that a reasonable person in Hernandez-Recinos's circumstances would fear Government persecution upon return to Guatemala.[8]

_____

[1] **See** 8 U.S.C.A. §§ 1101-1537 (West 1994 & Supp. 1997).
[2] 8 U.S.C.A. §§ 1101(a)(42)(A), 1158(a); see M.A. v. INS, 899 F.2d 304, 307 (4th Cir. 1990).

[3] **See Figeroa v. INS**, 886 F.2d 76, 79 (4th Cir. 1989).

[4] **See Huaman-Cornelio v. Board of Immigration Appeals**, 979 F.2d 995, 999 (4th Cir. 1992).
[5] **See INS v. Cardoza-Fonseca**, 480 U.S. 421, 430-32 (1987).

[6] **See Huaman-Cornelio**, 979 F.2d at 999.

[7] **See INS v. Elias-Zacarias**, 502 U.S. 478, 481 (1992).

[8] **See Huaman-Cornelio**, 979 F.2d at 999.

3

The record adequately supports the Board's finding that fear of retribution for reporting the suspected criminal activity of certain individuals does not rise to the level of a well-founded fear of government persecution such that a reasonable person would fear returning to his native country. Further, Hernandez-Recinos has not established that he was singled out for mistreatment because of his membership in a particular social group. There is no evidence that any other volunteers serving as military commissioners were subject to persecution by the controlling government regime. Accordingly, we conclude Hernandez-Recinos does not meet the statutory definition of a refugee and therefore is not eligible for asylum. Moreover, since Hernandez-Recinos has not established his eligibility for asylum, he cannot satisfy the higher standard for withholding of deportation.[9]

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

_____

[9] Id. at 1000.

4